UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**CHRISTIAN RAMIREZ**                                                   **CIVIL ACTION**

**VERSUS**                                                              **NO. 15-5295**

**DARREL VANNOY, WARDEN**                                               **SECTION: "N"(1)**


### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Christian Ramirez, is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana.  On September 22, 2010, he pleaded guilty to forcible rape under Louisiana law and was sentenced to a term of twenty years imprisonment, with the first two years of that sentence to be served without benefit of parole, probation, or suspension of sentence.[1]  He did not appeal.

---

[1] State Rec., Vol. 1 of 2, transcript of September 22, 2010; State Rec., Vol. 1 of 2, minute entry dated September 22, 2010; State Rec., Vol. 1 of 2, guilty plea form.

On or after July 21, 2014, petitioner filed a motion to correct illegal sentence with the state district court.[2]  That motion was denied on August 18, 2014.[3]  His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on September 29, 2014,[4] and by the Louisiana Supreme Court on August 28, 2015.[5]

On October 14, 2015, petitioner filed the instant federal application for *habeas corpus* relief.[6]  The state argues that the application is untimely.[7]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[8]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section

---

[2] State Rec., Vol. 1 of 2.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to this motion, the Court will simply use the signature date as the filing date, in that the motion was obviously placed in the mail no earlier than the date it was signed.
[3] State Rec., Vol. 1 of 2, Order dated August 18, 2014.
[4] State v. Ramirez, No. 14-KH-724 (La. App. 5th Cir. Sept. 29, 2014); State Rec., Vol. 1 of 2.
[5] State ex rel. Ramirez v. State, 175 So.3d 408 (La. 2015); State Rec., Vol. 1 of 2.
[6] Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner states under penalty of perjury that he placed the application in the prison mailing system on October 14, 2015.  Rec. Doc. 3, p. 6.
[7] Rec. Doc. 12.
[8] Although 28 U.S.C. § 2244(d)(1) has alternative subsections providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

>    2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>    Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on September 22, 2010. Because he did not file a direct appeal within the time allowed by state law, his conviction and sentence became final no later than October 22, 2010.[9] Accordingly, his period for filing his federal application for *habeas corpus* relief commenced on that date and then expired one year later on October 24, 2011,[10] unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However,

---

[9] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914.

[10] Because October 22, 2011 fell on a Saturday, petitioner's deadline was extended through the following Monday, October 24, 2011. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

petitioner had no such applications pending before the state courts during the applicable one-year period.[11] Therefore, he clearly is not entitled to statutory tolling.[12]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the

---

[11] Petitioner's only state court filing during that period was a motion seeking a copy of the transcript. State Rec., Vol. 1 of 2. However, such motions are not considered an applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[12] Although he subsequently filed a motion to correct illegal sentence in 2014, motions filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  By entering his unconditional plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted.  Moreover, even if McQuiggin applies in the context of a guilty plea,[13] petitioner does not invoke McQuiggin and, in any event, has not made a colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than October 24, 2011, in order to be timely.  In that his federal application was not filed until October 14, 2015, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that federal application for *habeas corpus* relief filed by Christian Ramirez be **DISMISSED WITH PREJUDICE** as untimely.

---

[13] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty.  See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this twenty-third day of December, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.